UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEAN MAXIME SIMILIEN and JAY A. JENKS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAPA GINO'S, INC., PAPA GINO'S HOLDINGS CORP.<br><br>Defendants. | Civil Action No. |

## CLASS ACTION COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. This is a class action brought pursuant to Federal Rule of Civil Procedure 23 by Plaintiffs Jean Maxime Similien ("Similien") and Jay A. Jenks ("Jenks"), on behalf of themselves and all other similarly situated current and former employees of Defendants.

2. This action flows from the Defendants' failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the Massachusetts Overtime Law, M.G.L. c. 151, §§ 1A, et seq., and Massachusetts common law (breach of contract).

3. At all times relevant to this Complaint, Plaintiffs have or had worked for the Defendants.

4. During the class period in this case, Defendants have misclassified Plaintiffs and those similarly situated as "exempt" employees, exempt from the overtime requirements of the FLSA and the Massachusetts Overtime Law. As such, Defendants failed to pay Plaintiffs overtime for all hours of work they performed, as required by federal and state law.

## II. PARTIES

5. Plaintiff Jean Maxime Similien is an adult resident of Stoughton, Massachusetts. Plaintiff Similien was employed by the Defendants from approximately September 27, 1999 to March 20, 2013.

6. Plaintiff Jay A. Jenks is an adult resident of Dedham, Massachusetts. Plaintiff Jenks was employed by the Defendants from approximately August 2012 to March 1, 2013.

7. The above named Plaintiffs bring this action on their own behalves and on behalf of all other similarly situated individuals who may choose to opt-in to this action to pursue claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b), the Massachusetts Overtime Law, M.G.L. c. 151, §§ 1A, et seq., and Massachusetts common law (breach of contract).

8. Defendant Papa Gino's Inc. is a Delaware corporation with a principle place of business in Dedham, Massachusetts at 600 Providence Highway, Dedham, MA 02026. Defendant owns numerous Papa Gino's restaurants throughout Massachusetts.

9. Defendant Papa Gino's Holdings Corp. is a Delaware corporation with a registered business address in Dover, Delaware at 160 Greentree Dr., Suite 101, Dover, Delaware 19904.

### III. JURISDICTION

10. This Court has general federal question jurisdiction pursuant to 28 U.S.C. §1331, because the Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* This court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

11. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendants reside in this judicial district in that they regularly conduct business within this judicial district and thus are subject to personal jurisdiction within this district.

### IV. STATEMENT OF FACTS

12. Plaintiff Similien was employed as a so-called manager in training for approximately 5-6 weeks, a so-called Assistant Manager for several months, a so-called manager for several months, and, from approximately the summer of 2000 to approximately March 20, 2013, as a so-called "general manager."

13. Plaintiff Similien's entire employment spanned from approximately September 27, 1999 to March 20, 2013 and he worked in various restaurant locations throughout Massachusetts during his tenure, including Hyde Park, Dorchester, Charlestown, Cohasset, Quincy, and Braintree.

14. The employer-employee relationship created an implied employment contract for Similien to be paid consistent with Massachusetts law.

15. Plaintiff Similien was paid two weeks of vacation at the time of his termination but is owed an additional two weeks of vacation time.

16. In his role as a so-called "general manager," Plaintiff Similien was only supposed to work 48 hours/week.

17. Plaintiff Jenks was employed as a so-called assistant manager for Defendants from approximately August, 2012 – March 1, 2013, in the Braintree, MA restaurant location.

18. The employer-employee relationship created an implied employment contract for Jenks to be paid consistent with Massachusetts law.

19. Plaintiffs received a flat rate of salaried pay each week regardless of the number of hours they worked. They did not receive time-and-a-half or any additional remuneration for their hours worked exceeding forty per week.

20. Throughout their employment for Defendants, Plaintiffs routinely worked more than forty hours per week, typically working more than 50 hours and, at times, in the case of Plaintiff Similien as many as 70 hours per week.

21. Defendants have an unwritten policy against hourly workers working in excess of forty hours per week.

22. This policy guarantees that the Plaintiffs work hours that would normally be worked by hourly workers.

23. The purpose of this policy is to avoid paying overtime to hourly workers by staffing the restaurant with "salaried" employees that are misclassified in a manner making them exempt from being able to receive overtime payments (i.e. so-called "assistant-managers," so-called "managers," and so-called "general managers.")

24. At all times relevant to the Complaint, Defendants utilized the same compensation system complained about herein.

25. Plaintiff Similien's District Manager, Yana Teleguine, instructed Plaintiff Similien to enter his time into the computer system at a maximum of 40 hours, even if he worked additional hours.

26. Plaintiff Similien's paystubs indicated that he worked only 40 hours/week regardless of how many hours/week he actually worked.

27. An hourly wage was included on the paycheck despite the fact that Similien was supposed to be paid on salary.

28. Plaintiffs should not be classified as "exempt employees" because their primary duties are not managerial, they do not have sufficient authority to hire or fire as is needed under the regulations, they do not customarily and regularly supervise at least two employees, and they spent vastly more than 50% of their time performing non-exempt work.

29. Plaintiffs *almost entirely* perform the work of hourly, lower level employees such as answering the phone, taking and preparing food orders, working the grill and cash register, and cleaning.

30. Plaintiff Jenks' net salary is below the statutory minimum for exempt employees.

31. Defendants know or have reason to know that Plaintiffs spent almost all of their time performing non-exempt work, and Defendants know or have reason to know that Plaintiffs worked far in excess of forty hours per week.

32. Other so-called assistant managers, so-called managers, and so-called general managers employed by Defendants are also misclassified as "exempt." These employees also routinely work more than forty hours per week, their primary duties are

not managerial, they do not have sufficient authority to hire or fire as is needed under the regulations, they do not customarily and regularly supervise at least two employees, they spent vastly more than 50% percent of their time performing non-exempt work, and they ***almost entirely*** perform the work of hourly, lower level employees.

33. The employer-employee relationship created an implied employment contract for these similarly situated employees to be paid consistent with Massachusetts law.

34. Upon information and belief, it is alleged that many of these similarly situated employees of Defendants were paid a gross salary that was less than the statutory minimum.

35. These similarly situated employees are also paid a flat rate of pay each week regardless of the number of hours worked.

36. Defendant's failure to pay Plaintiffs and other similarly situated employees time-and-a-half for their overtime hours, despite their eligibility for overtime pay, is a willful violation of the FLSA, the Massachusetts Overtime law, and is a breach of their implied employment contracts under Massachusetts law.

37. Plaintiffs filed a Complaint with the Fair Labor Division of the Massachusetts Attorney General's Office and received a "private right of action letter."

## COUNT I

### FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 et seq.
### All Plaintiffs v. All Defendants

38. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

39. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendants were and are obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

40. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendants, because they failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

41. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

## COUNT II

### VIOLATION OF THE MASSACHUSETTS OVERTIME LAW
### M.G.L. c. 151 §§ 1A, et seq.
### All Plaintiffs v. All Defendants

42. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

43. As is previously described, Defendants have failed to pay Plaintiffs their hourly rate of pay for all hours of work they performed as is required by federal law and

Massachusetts state law. The uncompensated time includes, but is not limited to, overtime hours.

44. Defendants' failure to pay Plaintiffs for these activities violates the Massachusetts Overtime Law, M.G.L. c. 151 §§ 1A, et seq. Pursuant to the Massachusetts Overtime Law, Defendants were and are obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

45. Upon information and belief, this statute has a three-year statute of limitations and thus would include claims from May 2011, to the present time. Plaintiffs further allege that Defendants' actions were willful, as a further basis for applying at least a three-year statute of limitations.

46. As a result of Defendants repeated violations of the Massachusetts Overtime Law, Plaintiffs and class members have not received overtime wages to which they were entitled under this law. Accordingly, Plaintiffs and other similarly situated employees are entitled to their unpaid wages, treble damages, penalties, interest, costs and attorneys' fees.

## COUNT III

### BREACH OF CONTRACT UNDER MASSACHUSETTS LAW
### All Plaintiffs v. All Defendants

47. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

48. As is previously described, Defendants have failed to pay Plaintiffs their hourly rate of pay for all hours of work they performed as required by federal law and

Massachusetts state law. The uncompensated time includes, but is not limited to, overtime hours worked.

49. By employing Plaintiffs, Defendants agreed to pay Plaintiffs for all hours worked. Thus, an express or implied contract existed between Plaintiffs and Defendants.

50. Plaintiffs performed their work duties and performed all work required of them by Defendants.

51. Defendants breached its contract with Plaintiffs by refusing to pay them for all hours worked in performance of their duties. Plaintiffs and similarly situated employees who may choose to opt-in to this case have suffered damages because they have not received all wages to which they were entitled under federal and state law. Defendants further breached its contract with Plaintiff Similien by failing to pay him two weeks of vacation pay. Accordingly, Plaintiffs and similarly situated employees are entitled to their unpaid wages, damages, interest, costs and attorneys' fees.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Permission to notify similarly situated individuals of their right to opt in to this action, pursuant to § 216(b) of the FLSA;

2. Unpaid overtime compensation;

3. Liquidated damages;

4. Two weeks of vacation pay to Plaintiff Similien;

5. Attorney's fees and costs;

6. Prejudgment and post-judgment interest and

7. Any other relief to which Plaintiffs and other individuals who opt-in to this case may be entitled.

## Jury Demand

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Respectfully submitted,

Jean Maxime Similen
Jay A. Jenks

By their attorneys,

Matthew J. Fogelman (BBO # 653916)
FOGELMAN & FOGELMAN, LLC
100 Wells Avenue
Newton, MA 02459
617-559-1530
mjf@fogelmanlawfirm.com

Dated: 8-1-14